IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EAST COAST RESOURCES, LLC,

                        Plaintiff,

        v.                                Civil Action Number 3:07CV352

TOWN OF HEMPSTEAD,

                        Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the motion to dismiss, transfer and/or stay filed by the defendant Town of Hempstead (defendant or "Town"). The matter is fully-briefed, and the Court finds that the decision-making process would not be aided by oral argument.

The Town argues that the Court lacks personal jurisdiction over the Town, that the designated venue is improper, and that significant matters at issue in this action are being litigated in New York state court involving the same parties. The Town seeks dismissal on the grounds of lack of personal jurisdiction and improper venue or, in the alternative, dismissal or stay of this declaratory judgment action in favor of the previously filed New York state court action under the Brillhart doctrine, pursuant to Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942) or under the Colorado River abstention doctrine, pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Alternatively, the Town also seeks a transfer of venue to the Eastern District of New York, pursuant to 28 United States Code § 1404(a).

The plaintiff, East Coast Resources, LLC (plaintiff or "ECR"), disagrees with the Town's arguments. It argues that personal jurisdiction and venue do "indeed lie here" in Virginia, that there

is no basis for abstaining, and that the alternative request for transfer to the Eastern District of New York should be denied.

The Court has reviewed the pleadings, the statutes, and the applicable case law. The issues of personal jurisdiction and venue are problematic in this case. It is uncontested that there is no general jurisdiction – jurisdiction that does not arise from a defendant's activities in the forum state – over the Town of Hempstead. Plaintiff does allege, however, that there is specific jurisdiction – jurisdiction that arises from a defendant's activities in the forum state. Virginia's long-arm statute is a "single-act" statute, requiring only a single act by a nonresident that amounts to "transacting business" in Virginia and gives rise to a cause of action that may be sufficient to confer jurisdiction. Danville Plywood Corp. v. Plan & Fancy Kitchens, Inc., 218 Va. 533 (1977); Va. Code Ann. § 8.01-328.1. Given this "single-act" statute, the requirement that "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction," Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989), and the fact that "Virginia has a long-arm statute that extends the jurisdiction of its courts as far as federal due process permits," ePlus Technology v. Aboud, 313 F.3d 166, 176 (4th Cir. 2002), the Court finds that the facts alleged in plaintiff's complaint against the Town are sufficient to confer personal jurisdiction.

The three-part test for the exercise of specific personal jurisdiction is as follows: "(1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" ALS Scan v. Digital Serv. Consultants, 293 F.3d 707, 710 (4th Cir. 2002). "With respect to interstate

contractual obligations," the Supreme Court has "emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation in the other State for the consequences of their activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). ECR moved its headquarters to Virginia midway through the original term of its contract with the Town. Thereafter, the Town worked with ECR's Richmond, Virginia office on the performance of the agreement. This involved the Town sending communications (letters, emails, and telephone calls) to Virginia, sending payments to Virginia, and contacting ECR in Richmond regarding operational matters. The Town argues that when the agreement was made, ECR was located in Maryland, not Virginia. However, the Town maintained frequent business contacts with ECR after ECR moved its headquarters to Richmond. See Herbert v. Township of Wall, No. 95-0012-H, 1995 U.S. Dist. LEXIS 14314, *8 (W.D.Va. Sept. 21, 1995); English & Smith v. Metzger, 901 F.2d 36, 37-39 (4th Cir. 1990). The Town also extended the agreement after ECR moved to Virginia. Therefore, the first of the three-part test is satisfied.

Next, the claims in the complaint arise out of the activities that the Town "purposefully directed" at Virginia. The claims arise under the contract that the Town has maintained and extended with ECR in Virginia. See Burger King, 471 U.S. at 472 (personal jurisdiction exists if "the litigation results from alleged injuries that 'arise out of or relate to'" the business activities that the defendant "purposefully directed" at residents of the forum state.). Therefore, the second part of the three-part test is satisfied.

Finally, the exercise of personal jurisdiction over the Town in this case is reasonable, given the facts of this case, satisfying the third part of the three-part test. Burger King, 471 U.S. at 475-76; see also McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957) (holding that "[i]t is

3

sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that [forum] state.").

The Court also finds that venue is proper in this district, pursuant to 28 U.S.C. § 1391. Venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). In Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004), the Fourth Circuit noted that the current venue statute is broader than its predecessor, now allowing for venue in multiple districts. In assessing the substantiality of events in a given venue, "a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review 'the entire sequence of events underlying the claim.'" Id. (internal citations omitted). Given the facts of this case, it is clear that venue is proper in both this district and in the Eastern District of New York.

Given these determinations, the Court next turns to whether this matter should be transferred to the Eastern District of New York. Title 28, United States Code, Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Further, "[s]ection 1406(a) 'authorizes the transfer of [a] cas[e] . . . whether the court in which it was filed had personal jurisdiction over the defendants or not.'" Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 127 S.Ct. 1184 (2007) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)). In order for Section 1404(a) to apply, venue must be proper in the transferor forum. See Board of Trustees, Sheet Metal Workers' National Pension Fund. v.

Sullivant Avenue Properties, LLC, No. 1:07CV011, 2007 U.S. Dist. LEXIS 36635, at 7-8 (E.D. Va. May 17, 2007).[1] Given the Court's determination that venue is proper in this forum, the Court next considers the standard governing transfers under section 1404(a).

The decision of whether to transfer an action under § 1404(a) is committed to the sound discretion of the district court. In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir.1984); Verosol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 582, 592 (E.D.Va.1992). In applying § 1404(a), a court must generally make two inquiries: "(1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Koh v. Microtek Int'l, Inc., 250 F. Supp.2d 627, 630 (E.D.Va.2003). This Court has already determined that the claims might have been brought in the Eastern District of New York. Accordingly, the Court must next consider the following four factors: (1) the plaintiff's initial choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice. See JTH Tax, Inc. v. Lee, 482 F. Supp.2d 731, 736 (E.D.Va. 2007). The movant must also demonstrate that transfer does more than merely "shift the inconvenience" to the other party. Id.

The first factor – the plaintiff's choice of forum – is generally given substantial weight but such is not the case if plaintiff's chosen forum has little or no connection to the cause of action. Id. In this case, this district and the Commonwealth of Virginia have much less of a connection with the matter in controversy than does the Eastern District of New York. The claims in the complaint

---

[1] In addition to Sections 1404 and 1406, confusion has also resulted from the enactment of Title 28, United States Code, Section 1631, which deals with "transfer to cure want of jurisdiction." The better view with regard to Section 1631, however, is that it is limited to cases involving a lack of subject matter jurisdiction, not personal jurisdiction or venue. See 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3842 (2007).

have a greater connection to the Eastern District of New York than to the Commonwealth of Virginia. The contract was essentially performed in the Town of Hempstead, located in the Eastern District of New York, with some administrative matters handled in Virginia. Accordingly, plaintiff's choice of forum is entitled to no weight in this case.

The second factor, witness convenience and access, weighs in favor of transfer. Most of the witnesses likely to be called are New York residents. The incident involving the death of Martin Alduino took place in New York when he was struck by a piece of equipment allegedly owned by the Town and operated by a Town employee. While ECR argues that its important witnesses are located in this district or in the Washington, D.C. area, the Town's witnesses are located in New York. Further, John Mullen, a former officer of ECR who has provided testimony in the wrongful death action regarding issues related to ECR's insurance obligations, also resides in New York. As to the third factor, the convenience of the parties, each party argues that it will be inconvenienced if the matter does not proceed in the forum it prefers, so this factor has little effect on the issue of transfer.

Regarding the interest of justice, the Court finds that this factor also weighs in favor of transfer. There is a related matter pending in New York state court. It is likely that resolution of this matter will involve the application of New York law. If it is necessary to view any of the relevant premises, as might be required due to the "contaminated waste" claims, it would be more convenient if the matter were transferred to New York. Despite ECR's valid argument that docket conditions support its position that this matter remain in this forum, the other factors weigh in favor of transfer. Therefore, the motion to transfer to the Eastern District of New York will be granted.

Accordingly, the Court will deny the motion to dismiss on the grounds of lack of personal jurisdiction and improper venue, and will grant the motion to transfer to the Eastern District of New York. The pending motion to dismiss or stay this action in favor of the previously filed New York state court action under the Brillhart doctrine or under the Colorado River abstention doctrine will be addressed by the transferee court.

An appropriate order shall issue.

July 16, 2007  /s/
DATE  RICHARD L. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE